IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA Ex Rel:
CARLOS MONTANO,**
  **Plaintiff,**

  **v.**

**EDGAR F. MORALES RAMÍREZ, et al.,**
  **Defendants.**

**Civil No. 08-1395 (ADC)**

## OPINION AND ORDER

  Plaintiff, Carlos Montano, brought suit against Edgar F. Morales, Gloria Santiago, Alfred Ramírez de Arellano, Georgina Paredes and the Conjugal Partnership, Rafael Jiménez, Jane Doe I and the Conjugal Partnership between them and Rubén Luna, Jane Doe II and the Conjugal Partnership between them and Jarem Development Corporation for breach of contract, breach of fiduciary duties and other claims under the False Claims Act. **Docket No. 3**. Presently before the court is plaintiff's motion for reconsideration; defendants' response in opposition to motion for reconsideration and plaintiff's reply. **Docket Nos. 56, 58, 65.**

### I. Procedural Background

  On October 28, 2009, defendants Alfred Ramírez de Arellano, Gloria Paredes and the conjugal partnership between them ("defendants") filed a motion to dismiss. **Docket No. 48**. At the time the motion was filed, the entire case was under seal; therefore defendants' attorney sent a copy of the motion to plaintiff's attorneys at the address P.O Box 366104, San Juan, Puerto Rico. **Docket No. 48** at 5. On March 15, 2010, the court granted defendants' motion to dismiss, noting that no opposition to the motion had been filed. **Docket No. 55** at 1.

### II. Motion for Reconsideration Standard

  While motions for reconsideration are not explicitly authorized by the Federal Rules of Civil Procedure, courts generally analyze such motions under either Fed. R. Civ. P. 59 or 60 ("Rule 59" or "Rule 60"). *Ávila v. Valentín-Maldonado*, 2010 U.S. Dist. Lexis 40752, *3-4 (D.P.R. 2010). The governing rule depends on the time at which the motion is served: if the

motion is served within ten days of the order for which reconsideration is sought, then Rule 59 applies; if the motion is served outside the ten days, Rule 60 applies. *Pérez-Pérez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir. 1993); *see also Ávila*, 2010 U.S. Dist. Lexis 40752 at *3-4. Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issue. *Pagán-de Jesús v. Toledo-Dávila*, 184 F.R.D. 24, 26 (D.P.R. 1999) ("Rule 59(e) motions are aimed at reconsideration, not initial consideration."). Pursuant to Rule 59(e), motions for reconsideration have four possible grounds: manifest errors of law or fact, newly discovered or previously unavailable evidence, prevention of manifest injustice or an intervening change in controlling law. *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7, fn. 2 (1st Cir. 2005). The district court has substantial discretion to grant or deny a motion brought under Rule 59(e). *See United States v. Parcel of Land*, 896 F.2d 605, 611 (1st Cir. 1990).

### III. Analysis

Plaintiff's sole ground for reconsideration is defendants' alleged failure to provide notice of its motion to dismiss, thereby preventing plaintiff from timely responding. **Docket No. 56** at 3, 4. Plaintiff goes on to argue that because an opposition was not presented the court was unable to make an informed decision. *Id.* Although defendants' motion certifies that a copy of the motion was sent to plaintiff's attorneys' address - the very same address listed in the CM/ECF system - no evidence has been provided to the court as to whether plaintiff actually received the motion. Inasmuch as the court cannot determine with certainty that plaintiff received timely notice of the motion to dismiss at Docket No. 48, the court considers the merits of plaintiff's reconsideration motion.

As stated by plaintiff, on reconsideration, "the only determination this Honorable Court must make is whether the documents that have been submitted to this court show that co-defendants still have ownership in any of the entities named in Mr. Montano's complaint and whether co-defendants were aware of the existence of Institute of Beauty Careers." **Docket No. 65** at 2. The sole document submitted by plaintiff is United States Department of Education "Eligibility and Certification Approval Report" ("Report"). **Docket No. 56** at Exh. 1. As noted by plaintiff, the Report was printed on March 10, 2010, and indicates that Alfred

Ramírez has a 6.67% ownership stake in Institute of Beauty Careers. *Id.* The court finds that the print-out is insufficient to contradict the evidence provided to this court with defendants' motion (**Docket No. 48** at Exh. 1) which was the certified translation of the share purchase contract. The Report, does not provide any information as to whether the information in the ownership section is current or reliable, nor does the fact that the Report was printed out this year guarantee such. Without proof of current, or more recent, ownership the court sees no reason to disturb its earlier opinion. Plaintiff's motion for reconsideration at **Docket No. 56** is **DENIED.**

>**SO ORDERED**.

>At San Juan, Puerto Rico, on this 25th day of August, 2010.

>**S/AIDA M. DELGADO-COLÓN**
>**United States District Judge**